IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

STACY MARSHALL, #116303                                                    PETITIONER

VS.                                                  CIVIL ACTION NO. 2:10-cv-00098-KS-MTP

WARDEN J.J. STREETER                                                       RESPONDENT


### MEMORANDUM OPINION AND ORDER

BEFORE THE COURT is the *pro se* petition of Stacy Marshall for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  Having considered the submissions of the parties, the record of the state court proceedings, and the applicable law, the undersigned is of the opinion that Marshall's request for relief should be **denied**.

### I.  BACKGROUND

On October 6th, 2005 Stacy Marshall was found guilty in the Circuit Court of Jones County, Mississippi for possession of cocaine. He was sentenced to a term of thirty (30) years in prison.[1] Marshall appealed the decision to the Court of Appeals of Mississippi, arguing that: "(1) the circuit court permitted plain error by allowing the State to make multiple references to Marshall's right to remain silent and his right to not testify against himself; (2) the circuit court committed plain error by allowing the State to make comments attacking the truthfulness of defense counsel; and (3) the cumulative effect of all errors requires reversal." The Court of Appeals affirmed the decision, finding no plain error on the part of the trial court. *See Marshall v. State,* 22 So.3d 1194 (Miss.App. 2009), *reh'g denied* June 2, 2009, *cert. denied* December 3, 2009. Subsequently, Marshall appealed for a rehearing and also to the Mississippi Supreme Court, but both were denied. [Doc. #6-1] (Exh. A to Answer).

---

[1] Marshall was sentenced to serve 25 years with the remaining 5 years to be suspended on completion of a community service program.

Marshall filed this Writ of Habeas Corpus on May 5, 2010, asserting: (1) that his constitutional right to remain silent and not to testify was violated; (2) that his constitutional right to due process and a fair trial was denied; and (3) that the cumulative effect of the errors committed in his trial constitute a reversal of his conviction. [Doc. #1] (Pet.).

## II.  ANALYSIS

Marshall's claim is subject to the requirements set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA). According to the AEDPA, any "person in custody pursuant to the judgment of a State court" can obtain relief in federal court only if the state court remedies have been exhausted. 28 U.S.C. § 2254(b). In order to fully exhaust the state court remedies the petitioner must allow the "state courts a *fair* opportunity to act on their claims." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999). This is generally interpreted as presenting the claims to the highest state court in a proper manner. *Id.* at 848.

Respondent agrees that there is no dispute over whether Petitioner has exhausted the state court remedies. Marshall has properly presented his claims to the Mississippi Supreme Court, and his claims received an adjudication on the merits. Because Petitioner's claims were "adjudicated on the merits" by the state court, the AEDPA limits the federal court in granting habeas corpus relief. The AEDPA allows the federal court to grant relief only when the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Because the state court determination involved questions of law and fact, the Court's analysis is restricted to § 2254(d)(1).[2]

Further, as stated in 2254(d)(1), the Court's review is limited to United States Supreme

---

[2] Questions of law or mixed questions of law and fact are subject to 28 U.S.C. § 2254(d)(1). While questions of fact alone are governed by 28 U.S.C. §2254(d)(2).

Court decisions at the time of the state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). There is a compelling interest to maintain uniformity in applying federal law throughout the federal courts. *Id.* at 389. "Otherwise the federal 'law as determined by the Supreme Court of the United States' might be applied" differently by federal courts in different states. *Id.*

A state court decision can be "contrary to" federal law for two reasons: (1) "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases," or (2) if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent." *Id.* at 406. Alternatively, "unreasonable application" is reserved for state court decisions that either identify the correct governing law but misapply it to the case, or fail to identify to the correct governing law altogether. *Id.* at 407. An incorrect application of federal law is not enough to warrant reversal. The application of federal law by the state court must be both incorrect *and* unreasonable. *Garcia v. Dretke,* 388 F.3d 496, 500 (5th Cir. 2004). The federal court only reviews the state court's conclusion when determining whether there has been an unreasonable application of federal law, not their process in reaching that decision. *Neal v. Puckett,* 286 F.3d 230, 246 (5th Cir. 2002).

Through the narrow lens of review allowed in such cases, the Petitioner's claim will be considered. The Court will focus on the "federal constitutional issues" that are raised. *Smith v. McCotter,* 786 F.2d 697, 700 (5th Cir. 1986). Having considered the submissions of the parties, the record and applicable law, the Court finds that the Petitioner's claim should be denied.

**A.     Whether the Petitioner's constitutional right to remain silent and not to testify was violated.**

In Ground One of Petitioner's claim he alleged that his constitutional right to remain

silent and not testify against himself was violated by the prosecutor's statements during trial.[3] No objection was raised during trial and Petitioner proceeded on appeal under on the basis of the "plain error" doctrine. *Marshall*, 22 So.3d at 1195. The Court of Appeals of Mississippi ("state court") concluded that no plain error was committed by allowing the prosecutor's comments.

In Mississippi state courts, when a claim is not raised at trial it is generally barred from being raised on appeal.[4] *Smith v. Black,* 970 F.2d 1383, 1387 (5th Cir. 1992). Therefore, "a federal habeas corpus court may not review issues which are non-reviewable in state court due to the absence of a contemporaneous trial objection by the petitioner."[5] *Hill v. Black,* 932 F.2d 369, 372 (5th Cir. 1991). As a result, the state court properly limited its review to plain error.

Despite the procedural bar placed on the claim, the state court considered the merit of the Petitioner's claims. The state court, in considering the claim, weighed the evidence appropriately in light of *U.S. v. Robinson*, which clarified the appropriate limits of a prosecutor's comments pertaining to a defendant's silence. 485 U.S. 25 (1988).[6] The court in *Robinson* stated that "the prosecutorial comment must be examined in context…" *Id.* at 33. The prosecutor's comments during examination of the narcotics agents and closing arguments were viewed in context. After considering the prosecutor's comments during closing statements, the state court found that:

---

[3] Specifically, Petitioner cites SCR, Vol. 1, p. 93-94 and SCR, Vol. 2, p. 106, both instances when the prosecuting attorney was questioning the arresting officers. Petitioner also cites SCR, Vol. 3, p. 177, where the prosecuting attorney was giving his closing statements and stated, "There ain't no evidence. Ain't no evidence he's not guilty."

[4] Respondent also cites several cases as evidence of such practice in his Answer. [Doc. #6, at 6 n. 2] (Answer to Pet.).

[5] If a claim was not objected to contemporaneously, the claim cannot be asserted on federal habeas review without "showing cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation." *Wainwright v. Sykes,* 433 U.S. 72, 84 (1977).

[6] The court in *Robinson* explained its earlier holding in *Griffin v. California*. In its opinion, it cited Justice Stevens, who offered the following:
> "Under *Griffin* ... it is improper for either the court or the prosecutor to ask the jury to draw an adverse inference from a defendant's silence. But I do not believe the protective shield of the Fifth Amendment should be converted into a sword that cuts back on the area of legitimate comment by the prosecutor on the weaknesses in the defense case."

*United States v. Hasting,* 461 U.S. 499, 515 (1983) (Stevens, J., concurring).

> "In his opening statement, Marshall's attorney told the jury that the cocaine was not Marshall's. He further stated that he would show the jury to whom the drugs actually belonged…Marshall did not present any evidence whatsoever; thus, the prosecutor's comment that there was no evidence that Marshall was not guilty referred to the promise made by Marshall's counsel that he would prove that someone else, and not Marshall, was in possession of the cocaine."

*Marshall*, 22 So.3d at 1197.

When considering the prosecutor's comments while examining the narcotics agents, the state court concluded that:

> "the error, if any, was harmless and 'unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record.' *Williams v. State,* 761 So.2d 149, 154 (Miss. 2000). The silence alluded to by the prosecutor's questioning in no way prejudiced Marshall's case presented to the jury…Accordingly this issue has no merit."

*Id.* at 1196.

The Court concludes that the state court conducted a proper application of the law in reviewing the Petitioner's claim. The grounds for federal habeas relief have not been met by Ground One of the Petitioner's claim.

**B.     Whether the Petitioner's constitutional right to due process and a fair trial was denied.**

The Petitioner argues that the prosecutor's comments during closing arguments were an attack of the veracity of the Petitioner's counsel that "infected the trial with unfairness as to make the resulting conviction a denial of due process." [Doc. #2] (Pet'r's Mem. in Supp. of Pet.) (*quoting Donnelly v. DeChristoforo,* 416 U.S. 637, 643 (1974).

The bar for reversing a conviction due to a prosecutor's comments is high. The prosecutor's comments must go beyond that which is "undesirable or even universally condemned." *Darden v. Wainwright,* 477 U.S. 168, 181 (1986). The proper standard of review is limited to the "narrow one of due process, and not the broad exercise of supervisory power." *Id. (quoting Donnelly,* 416 U.S. at 642). Meaning that the conviction can only be reversed if some

5

fundamental constitutional right was violated by the prosecutor's comments. Finally, the comments must be viewed in context and with regard to their impact on the trial as a whole. *U.S. v. Young,* 470 U.S. 1, 13 (1985).

The state court reviewed the prosecutor's comments properly and their conclusion was reasonable in light of applicable federal law. The state court noted, once again, that the Petitioner failed to make a contemporaneous objection to the comments and, thus, it is barred on appeal. *Marshall,* 22 So.3d at 1198. However, the state court reviewed the claim and found that it lacked merit. *Id.* at 1199. The state court found the following: "as we review the prosecutor's comments in the context of the comments made by defense counsel, it becomes clear that the prosecutor was responding to Marshall's theory of the case and was in no way personally attacking the truthfulness of Marshall's counsel." *Id.* at 1198. Even if the Court determined that the state court's holding was incorrect[7], that finding is not enough to merit reversal by a federal court on habeas review. This Court finds no unreasonable application of law in the state court's decision.

## C. Whether the cumulative effect of the errors committed in the Petitioner's trial entitles him to a reversal of his conviction.

Petitioner also argues that the cumulative effect of the errors as a whole warrants reversal of the state court decision. In addition to Grounds One and Two, the Petitioner also cites other errors which add to the cumulative effect. The additional errors asserted by the Petitioner for the first time were: (1) prosecutor's use of the "send a message" argument, and (2) prosecutor's reference to the defendant's failure to call a witness that was available to both parties. [Doc. #2, at 21-23].

It is well established that a Petitioner can get habeas relief in federal court for the cumulative errors of the state court only if: "(1) the individual errors involved matters of

---

[7] The state court's decision amounts to a finding that the prosecutor's comments were not "[o]bvious and insidious attacks on the exercise of this constitutional right." *U.S. v. McDonald,* 620 F.2d 559, 564 (5th Cir. 1980).

constitutional dimension rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors 'so infected the entire trial that the resulting conviction violates due process.'" *Derden v. McNeel,* 978 F.2d 1453, 1454 (5th Cir. 1992) (*quoting Cupp v. Naughten,* 414 U.S. 141, 147 (1973)).

The Petitioner here bears a resemblance to the petitioner in *Derden.* As the court stated of the petitioner in that case, so can be stated of the Petitioner here: "Several of his complaints of judicial misconduct have never been proffered to the Mississippi courts, by objection or otherwise. His mutating claims represent the logical conclusion of a process of seeking 'fundamental fairness' unconstrained by standards or limits." *Id.* at 1461. The Petitioner's two additional allegations were not proffered to the state court. They are now being argued, with specificity, for the first time and were not considered by the state court. Moreover, the statute of limitations has run for the Petitioner to be able to raise these claims in state court.[8]

Regardless of the procedural shortcomings, these claims are substantively meritless. Petitioner, in his new allegations, does not assert any violation of federal law. He simply argues an incorrect application of state law. [Doc. #2, at 21-25]. Meritless claims do not add in to the cumulative error analysis. *Derden,* 978 F.2d at 1461. The Court finds no unreasonable application of federal law that would amount to cumulative error of constitutional significance. The state court's conclusion was reasonable[9]—that the errors, if any, did not so infect the entire trial to violate due process.

### III.  CONCLUSION

---

[8] "A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi..." Miss. Code Ann. § 99-39-5(2). Petitioner's claim was ruled on by the Mississippi Supreme Court on December 3, 2009.

[9] The state court found that "each of Marshall's assignments of error is without merit. 'As there was no reversible error in any part, so there is no reversible error to the whole.'" *Marshall,* 22 So.3d at 1199 (*quoting McFee v. State,* 511 So.2d 130, 136 (Miss. 1987)).

The Petitioner's claim is without merit, and, therefore, the claim is **dismissed with prejudice.** All other pending motions are denied as moot.

SO ORDERED this the 6th day of August, 2013.

                                      *s/ Keith Starrett*

                                      UNITED STATES DISTRICT JUDGE